UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN T. McARTHUR,

        Plaintiff,

                                              CASE NO. 2:10-CV-13652

    v.                                   JUDGE VICTORIA A. ROBERTS
                                              MAGISTRATE JUDGE PAUL KOMIVES

HARRY WILLIAMS, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION ON: (1) DEFENDANTS WILLIAMS'S MOTION FOR SUMMARY JUDGMENT (docket #20); (2) DEFENDANT ECHOLS'S MOTION FOR SUMMARY JUDGMENT (docket #26); and (3) PLAINTIFF'S MOTIONS REQUESTING  DELAY (docket #25 and #29)

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
    A.     *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
    B.     *Summary Judgment Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    C.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
        1.     *Official Capacity Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
        2.     *Claims Against Defendant Williams* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5
        3.     *Claims Against Defendant Echols* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
                a. Deliberate Indifference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
                b. Retaliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        4.     *Delay for Additional Discovery* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    D.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*        *        *        *        *

I.      RECOMMENDATION: The Court should deny plaintiff's motions requesting delay and

should grant defendants' motions for summary judgment.


II.     REPORT:


A.      *Procedural Background*

        Plaintiff John T. McArthur is a state prisoner incarcerated at the Thumb Correctional Facility

(TCF) in Lapeer, Michigan.  Plaintiff commenced this action on September 14, 2010, by filing a *pro*

*se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants are Dr. Bobby Echols, D.D.S., a dentist at TCF; and Dr. Harry Williams, D.D.S., a dentist at the Charles Egeler Reception and Guidance Center whose duties include administrative tasks.[1] Plaintiff alleges that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to timely extract a tooth and retaliated against him in violation of the First Amendment by denying him pain medication in response to his complaints. More specifically, plaintiff alleges that on February 17, 2009, he forwarded a kite to health care complaining of a tooth falling out and infected gums. *See* Compl., ¶ 14. On February 23, he was examined by defendant Echols, who concluded that the tooth needed to be extracted and prescribed pain medication. *See id.*, ¶ 15. Plaintiff was subsequently examined on March 11, April 8, April 21, and May 1. On each date, plaintiff was prescribed pain medication but the tooth was not extracted. *See id.*, ¶¶ 16-19. Plaintiff alleges that his pain medication was discontinued on May 20, 2009, without explanation. *See id.*, ¶ 20. Plaintiff alleges that the pain medication was stopped in response to his April 20, 2009, grievance, in which he complained of the failure of dental staff to schedule a tooth extraction. *See id.*, ¶¶ 22-24. On June 10, 2009, plaintiff's decayed tooth was extracted by an outside specialist. *See id.*, ¶ 21.

This matter is currently before the Court on separate motions for summary judgment filed by defendants, as well as motions for further discovery filed by plaintiff in response to these motions. First, on August 11, 2011, defendant Williams filed a motion for summary judgment, arguing that: (1) plaintiff failed to exhaust his administrative remedies with respect to him; (2) plaintiff has failed to allege that he was personally involved in the alleged deprivation of plaintiff's

---

[1]Plaintiff's complaint originally named as defendants John Doe defendants and TCF Health Care. Defendants Williams and Echols have been identified as the proper John Doe defendants and have appeared as defendants in this action.

2

constitutional rights; (3) he is entitled to qualified immunity; and (4) plaintiff's claims against him in his official capacity are barred by the Eleventh Amendment. On August 29, 2011, plaintiff filed a response to defendant Williams' motion, and on August 30 he filed a motion requesting that the Court delay ruling on the summary judgment motion until further discovery has occurred. Second, on September 14, 2011, defendant Echols filed a motion for summary judgment, arguing that: (1) he did not act with deliberate indifference; (2) he did not retaliate against plaintiff; (3) he is entitled to qualified immunity; and (4) plaintiff's claims against him in his official capacity are barred by the Eleventh Amendment. Plaintiff did not file a response to this motion, but on October 4, 2011, did file another motion requesting that the Court delay ruling on the summary judgment motion pending further discovery. For the reasons that follow, the Court should grant defendants' motions for summary judgment and deny plaintiff's motions for delay.

B.    *Summary Judgment Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

3

2:10-cv-13652-VAR-PJK   Doc # 33   Filed 03/01/12   Pg 4 of 16   Pg ID 238

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, Fed. R. Civ. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, Fed. R. Civ. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

4

C.      *Analysis*

     1.      *Official Capacity Claims*

Plaintiff brings his claims against defendants in both their individual and official capacities. Both defendants move for summary judgment on plaintiff's claims against them in their official capacities on the ground that they are immune from suit under the Eleventh Amendment. The Court should agree.

To the extent plaintiff is suing defendants in their official capacities, they are immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). Further, as the Supreme Court made clear in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Eleventh Amendment bars suits against state officials sued in their official capacity. *See id.* at 71; *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000). Accordingly, the Court should grant summary judgment to defendants with respect to plaintiff's claims against them in their official capacities.

     2.      *Claims Against Defendant Williams*

Defendant Williams contends that he is entitled to summary judgment because plaintiff has failed to allege that he was personally involved in the alleged deprivations of plaintiff's

constitutional rights. The Court should agree.[2]

Defendant Williams avers that his only involvement in plaintiff's dental care was in responding to plaintiff's Step II grievance appeal on June 12, 2009. *See* Def. Williams' Mot. for Summ. J., Ex. C, ¶ 4. That grievance was denied "because the dental record showed that each of plaintiff's requests for treatment was responded to in a timely and appropriate manner," *id.*, ¶ 6, and because by that time the tooth had already been extracted, *see id.*, ¶ 5. Defendant Williams avers that he had no other involvement with plaintiff's dental care, and that his "only involvement with this matter was responding to the grievances that were filed." *Id.*, ¶ 7. These averments are consistent with plaintiff's allegations regarding defendant Williams (then identified only as the Acting Regional Dental Director) role. *See* Compl., ¶¶ 9-10, 27. This is insufficient to show that defendant Williams violated plaintiff's constitutional rights.

It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior. See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a

---

[2]Defendant Williams also contends that plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff contends that he could not exhaust his claims with respect to defendant Williams because defendant Williams's identity was unknown to him. Because defendant Williams is entitled to summary judgment on the merits of plaintiff's claims, the Court need not resolve the exhaustion issue. *See* 42 U.S.C. § 1997e(c)(2) (" In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). Although § 1997e(c)(2) addresses dismissal of a claim that fails to state a claim on its face, § 1997e(c)(2) also permits a court to grant summary judgment to the defendant on the merits notwithstanding a failure to exhaust. *See Clark v. Caruso*, No. 09-CV-10300, 2010 WL 746417, at *10 (E.D. Mich. Mar. 2, 2010) (Borman, J., adopting report of Komives, M.J.) (citing cases). Because, as explained below, defendant Williams clearly is entitled to summary judgment on the merits of plaintiff's claims, the Court need not address the exhaustion issue.

6

constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). As the Sixth Circuit has stated:

> "Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate*."

*Taylor v. Michigan Dep't of Corrections*, 69 F.3d 73, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (emphasis added)) (emphasis by *Taylor* court); *see also, Monell*, 436 U.S. at 693-95; *Birell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). Furthermore, an allegation that a supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action "is insufficient to impose liability on supervisory personnel under § 1983." *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). As the *Haydon* court stated: "A supervisory official's failure to control, or train the offending individual is not actionable, unless the supervisor 'either encouraged the specific incident or in some other way directly participated in it.'" *Haydon*, 853 F.2d at 429 (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)).

Here, plaintiff's allegations and defendant Williams's affidavit establish that defendant

7

Williams had no personal involvement in the alleged deprivations of plaintiff's constitutional rights. Defendant Williams's supervisory role as the Acting Regional Dental Director is insufficient to establish his personal involvement. *See Haydon*, 853 F.2d at 429. Likewise, his alleged failure to respond, or inappropriate response, to plaintiff's grievance is insufficient to hold defendant Williams personally liable. *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (as against defendants whose only involvement was the denial of administrative remedies and the "failure to remedy the alleged retaliatory behavior[,]" "[t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts[]."). Accordingly, the Court should conclude that defendant Williams is entitled to summary judgment.

      3.     *Claims Against Defendant Echols*

Likewise, the Court should conclude that defendant Echols is entitled to summary judgment with respect to plaintiff's deliberate indifference and retaliation claims.

*a. Deliberate Indifference*

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense. In its application by the courts, the amendment actually protects a wide assortment of interests. It proscribes disproportionate punishments, *see Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion). *See generally, Parrish v. Johnson*, 800 F.2d 600,

609 (6th Cir. 1986).   The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).   On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   The amendment imposes affirmative duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"   *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).   If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within the Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).   Such claims must satisfy both an objective and a subjective test. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).   Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).   The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *See Brooks*, 39 F.3d at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *See McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981).   To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349.   The objective component is contextually driven and is responsive to "'contemporary standards of decency.'"   *McMillian*, 503 U.S. at 8

9

(quoting *Estelle*, 429 U.S. at 103). The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id*. at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *See id*. at 844-45. In short, "'[d]eliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice." *Wright v. Taylor*, 79 Fed. Appx. 829, 831 (6th Cir. 2003) (citing *Farmer*, 511 U.S. at 835-36; *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).

Plaintiff's claims that defendants denied medically necessary treatment are governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle*, *supra*. In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims has a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e*, the objective prong of the Eighth Amendment analysis; and (2) if so, were

the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Here, assuming that plaintiff's dental condition constituted a serious medical need, plaintiff cannot show that defendant Echols was deliberately indifferent to that need. Plaintiff's complaint itself alleges that defendant Echols examined him numerous times, prescribed a tooth extraction after the first visit, and prescribed pain medication on each visit. *See* Compl., ¶¶ 15-19. These allegations are confirmed by defendant Echols's affidavit and plaintiff's treatment records. Defendant Echols avers that he referred plaintiff to an oral surgeon pursuant to the prison's operating procedures, *see* Def. Echols's Mot. for Summ. J., Ex. A, ¶¶ 3, 8, and prescribed pain medication on six occasions, including two prescriptions for Tylenol with codeine, *see id.*, ¶¶ 4, 8-12. Plaintiff's medical records confirm these averments. *See id.*, Ex. B. Plaintiff does not suggest that defendant Echols himself was authorized to extract the tooth, or could have done anything more to expedite the removal of the tooth by the oral surgeon. With respect to defendant Echols, plaintiff's own allegations and the medical evidence submitted by defendant establish that defendant Echols treated plaintiff in a timely and appropriate manner, attempting to alleviate his pain and referring him to a specialist for treatment of the underlying condition. Thus, plaintiff cannot establish that defendant Echols himself acted with deliberate indifference to plaintiff's pain or serious medical needs, and defendant Nichols therefore is entitled to summary judgment.

### b. Retaliation

Plaintiff also alleges that defendants retaliated against him for filing a grievance relating to his dental care. Plaintiff contends that he filed a grievance regarding his dental care on April 20,

11

2:10-cv-13652-VAR-PJK   Doc # 33   Filed 03/01/12   Pg 12 of 16   Pg ID 246

2009, and in retaliation defendants discontinued his pain medication on May 20, 2009. The Court should conclude that defendant Echols is entitled to summary judgment on this claim.

In order to succeed on a retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.). As the Sixth Circuit has explained, "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (internal quotation omitted); *see also*, *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. 2008) (Rosen J., adopting Report of Komives, M.J.). Here, there is no evidence that defendant Echols took an adverse action against plaintiff, nor is there any evidence from which a plausible inference of retaliatory motive may be made. Although plaintiff contends that he was denied medication on one occasion as a result of his protected activity one month earlier, the medical records belie this claim. Those records show that defendant Echols continued to treat plaintiff and prescribe him both antibiotics and pain medication after plaintiff had filed his grievance. Specifically, the records show that plaintiff was prescribed pain medications on April 23, May 4, May 14, and May 19, the last of which included a prescription for 20 tablets of Tylenol. Further, the medical records indicate that plaintiff did not again complain of pain until June 9, two days before the tooth was extracted. *See* Def. Echols's Mot. for Summ. J., Ex. B. Plaintiff does not dispute these facts, and in light of these facts plaintiff is unable to show that defendant Echols discontinued his medication, or that he did so in order to retaliate against petitioner for filing

a grievance. Accordingly, the Court should conclude that defendant Echols is entitled to summary judgment on this claim.

 4. *Delay for Additional Discovery*

In response to defendants' motions for summary judgment, plaintiff has filed two motions requesting a delay in ruling on the motions for summary judgment pending further discovery. The Court should deny these motions.

Rule 56(d) (formerly Rule 56(f)) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). As another court in this Circuit has explained:

> When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed.R.Civ.P. 56(f) ("R.56(f)"), to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rule 56(f) provides as follows:
>
> > Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
>
> Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the "obligation to inform the district court of his need for discovery . . . ." *Cacevic*, 226 F.3d at 488 (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). The party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (internal quotation marks omitted).
>
> The filing of a Rule 56(f) affidavit is no mere formality:

13

> We, like other reviewing courts, place great weight on the
> Rule 56(f) affidavit, believing that "[a] party may not simply assert
> in its brief that discovery was necessary and thereby overturn
> summary judgment when it failed to comply with the requirement of
> Rule 56(f) to set out reasons for the need for discovery in an
> affidavit." The Second Circuit Court of Appeals has similarly
> explained that "[a] reference to Rule 56(f) and to the need for
> additional discovery in a memorandum of law in opposition to a
> motion for summary judgment is not an adequate substitute for a Rule
> 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f)
> is itself sufficient grounds to reject a claim that the opportunity for
> discovery was inadequate."
>
> *Cacevic*, 226 F.3d at 488 (quoting *Evans v. Technologies Applications & Serv. Co.*,
> 80 F.3d 954, 961 (4th Cir.1996)) (citations omitted) (alterations in original). "Where
> a party opposing summary judgment and seeking a continuance pending completion
> of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing
> an affidavit, there is no abuse of discretion in granting summary judgment if it is
> otherwise appropriate." *Id.*

*Gencorp, Inc. v. AIU Ins. Co.*, 304 F. Supp. 2d 955, 960 (N.D. Ohio 2004); *see also*, *Gettings v.*

*Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic*, 226

F.3d at 488; *Evans*, 80 F.3d at 961.

Here, plaintiff has failed to "affirmatively demonstrate . . . how postponement of a ruling on

the motion[s] will enable him, by discovery or other means, to rebut the [defendants'] showing of

the absence of a genuine issue of fact." *Good*, 149 F.3d at 422. Plaintiff avers that he cannot

respond to defendants' arguments without first obtaining the discovery sought from defendants in

his request for production of documents. That request, according to plaintiff, sought *inter alia* any

documents reflecting grievances filed by TCF inmates from February 17, 2009, onward; all

documents created by TCF staff in response to plaintiff's April grievance; any documents reflecting

instructions to stop plaintiff's pain medication; any documents created by TCF dental care in

response to plaintiff's condition. Plaintiff does not explain how any of these documents could be

used to support his claims. The medical records have been placed before the Court, and they clearly

14

show the treatment plaintiff received and that defendant Echols did not act with deliberate indifference.  Further, any documents relating to the handling of plaintiff's grievance is not relevant, because the mere denial of his grievance does not raise any constitutional claim against defendant Williams.  Because the medical records produced by defendants are sufficient to establish as a matter of law that they were not deliberately indifferent to plaintiff's medical needs and did not retaliate against him, further discovery is not warranted.  *See Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011).  Accordingly, the Court should deny plaintiff's motions for a stay of ruling on the summary judgment motions.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law, and that plaintiff has failed to point to any specific discovery he seeks that could alter this conclusion.  Accordingly, the Court should deny plaintiff's motions for delay and grant defendants' motions for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931

15

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2012

I hereby certify that a copy of this document was sent to

**John McArthur** (#262080)
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, Mi 48446
and parties of record on March 1, 2012 by electronic and/or U.S. Postal mail.

s/Michael Williams
Relief Case Manager for the
Honorable Paul J. Komives

16